**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**FRANKFORT**

IN RE:

**JOSEPH A. FORD, JR.**                                    **CASE NO. 12-30674**
**CHERYL L. FORD**

**DEBTORS**

**ORDER DENYING MOTIONS TO AVOID LIENS**

This matter is before the Court on the following (the "Motions"):

- Motion for Order Avoiding Lien of the Creditor, Citizens Union Bank [Doc. 18];
- Motion for Order Avoiding Lien of the Creditor, Citizens Union Bank [Doc. 19];
- Motion for Order Avoiding Lien of the Creditor, FIA Card Services, N.A. [Doc. 20];
- Motion for Order Avoiding Lien of the Creditor, PBI Bank, Inc. [Doc. 21];
- Motion for Order Avoiding Lien of the Creditor, PBI Bank, Inc. [Doc. 22];
- Motion for Order Avoiding Lien of the Creditor, River City Bank [Doc. 23];
- Motion for Order Avoiding Lien of the Creditor, American Express Bank, FSB [Doc. 24];
- Motion for Order Avoiding Lien of the Creditor, CACH, LLC [Doc. 25];
- Motion for Order Avoiding Lien of the Creditor, CACH, LLC [Doc. 26];
- Motion for Order Avoiding Lien of the Creditor, American Express Centurion Bank [Doc. 27]; and
- Motion for Order Avoiding Lien of the Creditor, Republic Bank & Trust Company [Doc. 28].

The Motions seek to avoid judicial liens against the Debtors' principal residence located at 361 Webb Road, Simpsonville, Shelby County, Kentucky. *See* 11 U.S.C. § 522(f)(1)(A). Section 522(f)(1)(A) provides:

> (f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--
>
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5) … .

The Court recently promulgated a local rule to facilitate filing, review and entry of requests for relief under this Code section. *See* KYEB LBR 4003-2. Local Rule 4003-2 provides in relevant part:

> (a) A motion to avoid a judicial lien pursuant to 11 U.S.C. § 522(f)(1)(A) must:
>> (i) identify by filing date, county, book and page number, the judicial lien sought to be avoided;
>> (ii) identify the exempt property which the judicial lien encumbers and state the value of the property, the amount of the judicial lien, and the amount of all other liens on the property; and
>> (iii) the amount of the claimed exemption.

Subparagraph (a)(i) of the local rule requires recording information for the judicial lien. The purpose of § 522(f)(1)(A) is to assist with the avoidance of a judicial lien, so it is important to identify the specific lien at issue. This not only confirms an avoidable lien exists, it will help with release of the lien at the appropriate time. The Motions adequately identify the liens at issue.[1]

Subparagraphs (a)(ii) and (iii) of the local rule assist with the calculation of the amount of the lien that is avoidable. Section 522(f) also provides information to assist with this calculation:

> (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of--
>> (i) the lien;
>> (ii) all other liens on the property; and
>> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtors' interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

Therefore, subparagraphs (a)(ii) and (iii) require information that facilitates calculation of the avoidable amount of the judicial lien. The Motions do not contain the information required by KYEB LBR 4003-2(a)(ii) and (iii) and are DENIED.

---

[1] The Motions also indicate the liens are nonpurchase money, nonpossessory liens. This identification is not required for avoidance under §522(f)(1)(A), which deals with real property interests. *See* KRS 426.720 (final judgments act as liens on real estate under Kentucky law). Identification as a nonpurchase money, nonpossessory lien is relevant for motions to avoid liens on certain personalty. *See* 11 U.S.C. § 522(f)(1)(B); *see also* KYEB LR 4003-2(b).

Copies to:
John C. Ryan, Esq.
Michael R. Gosnell, Esq.
Helene G. Williams, Esq.
Joseph Moloney, Esq.
Gilbert B. Weisman, Esq.
Eric Grimes, Esq.
Derek W. Scranton, Esq.
Jason C. Vaughn, Esq.
Stephen Palmer, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge
Dated: Tuesday, January 29, 2013
(grs)**